**OREGON LAW CENTER**

Kelsey Heilman, OSB #140348
kheilman@oregonlawcenter.org
M. Thomas Perkins, OSB #241496
tperkins@oregonlawcenter.org
230 NE Second Ave., Suite F
Hillsboro, OR 97124
Tel: (503) 473-8324

Stephen S. Walters, OSB #801200
swalters@oregonlawcenter.org
621 SW Morrison St., Suite 1450
Portland, OR 97205

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MARIELA ESCOBAR VASQUEZ,** <br><br> Plaintiff, <br><br> v. <br><br> **KRISTI NOEM,** Secretary, U.S. Department of Homeland Security (official capacity); **JOSEPH EDLOW**, Director, U.S. Citizenship and Immigration Services (official capacity); and **CARRIE SELBY**, Acting Associate Director, Service Center Operations Directorate of U.S. Citizenship and Immigration Services (official capacity), <br><br> Defendants. | Case No.: <br><br><br> **COMPLAINT** <br><br> **Mandamus Act (28 U.S.C. § 1361); Administrative Procedures Act (5 U.S.C. § 706)** |

Plaintiff Mariela Escobar Vasquez files this complaint against the Secretary of the U.S.

Department of Homeland Security, the Director of U.S. Citizenship and Immigration Services,

and the Acting Associate Director for the Service Center Operations Directorate of U.S. Citizenship and Immigration Services. Plaintiff alleges as follows:

## I.  INTRODUCTION

1. Plaintiff Mariela Escobar Vasquez is afraid to return to her country of birth, Guatemala, which she fled after she and her husband were victims of armed robbery and faced death threats. Based on this fear, in July 2024, she applied for asylum with U.S. Citizenship and Immigration Services ("USCIS").

2. Plaintiff is entitled by law to receive authorization to work in the United States because her asylum application has been pending without a decision for more than 180 days, she has no disqualifying criminal history, and she filed an application for work authorization.

3. On four separate occasions since January 2025, Defendants have unlawfully denied Plaintiff's application for work authorization on the grounds that her application has not yet been pending for 180 days. Her husband applied for asylum in July 2024, just as she did, and first sought work authorization in January 2025, just as she did. His work authorization application was approved in January 2025.

4. USCIS calculates the days an asylum application has been pending using something called the "asylum clock." Delays requested or caused by the applicant stop the asylum clock. An applicant may cause a delay by failing to complete biometrics (attend an appointment to have fingerprints and a photo taken and supply related identifying information) when USCIS directs them to do so.

5. Plaintiff believes USCIS erroneously stopped her asylum clock in August 2024. Plaintiff received two different scheduling notices for biometrics in August 2024. She attended

the earlier of those appointments and submitted the required information. She believes USCIS incorrectly stopped her "asylum clock" when she did not attend the second appointment.

6. Plaintiff has not caused any delays. She attended her biometrics appointment promptly as scheduled. Her husband submitted biometrics the same day and time, and his work authorization application was approved.

7. In the alternative, any delay Plaintiff caused ended July 2, 2025, when Plaintiff's attorney called USCIS to request a new biometrics appointment. USCIS advised that a new appointment would not help and that Plaintiff should instead reapply with proof she had completed biometrics and a cover letter explaining the confusion.

8. Plaintiff followed these instructions and submitted proof she completed biometrics and a cover letter explaining the confusion. Defendants have continued to deny her applications for work authorization.

9. These delays have cost Plaintiff more than the opportunity to work. In July 2025, the federal government increased the application fee for new work authorization for asylum applicants, from $0 to $550. This fee cannot be waived. In December 2025, the federal government reduced the duration of work authorization granted to asylum applicants, from 5 years to 18 months. If USCIS were to approve Plaintiff's most recent application today, she would be in a materially worse position (18-month work permit for $550) compared to where she would be had USCIS approved her first application in January 2025 (5-year work permit for $0).

10. Plaintiff has been waiting nearly a year for the work authorization to which she is legally entitled. She seeks a court order directing USCIS to correct her asylum clock so that has been running continuously since July 9, 2024, the date USCIS accepted her asylum application;

issue her work authorization; and issue that work authorization as if it were January 2025 ($0 filing fee, 5-year duration.)

## II. JURISDICTION AND VENUE

11. This Court has jurisdiction over Plaintiff's Mandamus Act claim pursuant to 28 U.S.C. § 1361, which gives federal district courts original jurisdiction over mandamus actions to compel officers or employees of the United States or its agencies to perform a duty owed to the plaintiff. This Court has jurisdiction over Plaintiff's Administrative Procedures Act claim pursuant to 28 U.S.C. § 1331.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to these claims occurred in the District.

## III. PARTIES

13. Plaintiff Mariela Escobar Vasquez is a resident of Beaverton, Oregon.

14. Defendant Kristi Noem is the Secretary for the U.S. Department of Homeland Security, of which USCIS is a component agency. Secretary Noem is sued in her official capacity.

15. Defendant Joseph Edlow is the Director of USCIS. Director Edlow is sued in his official capacity.

16. Defendant Carrie Selby is the Acting Associate Director of the National Service Center Directorate of USCIS. Associate Director Selby is sued in her official capacity.

## IV. FACTUAL ALLEGATIONS

17. Plaintiff and her husband fled Guatemala because they were victims of armed robbery and death threats, and law enforcement was unable or unwilling to protect them.

OREGON LAW CENTER
230 NE 2nd Ave. Suite F
Hillsboro, Oregon 97214
Ph: 503-640-4115/Fax: 503-640-9634

18. In July 2024, Plaintiff applied for asylum, withholding of removal, and relief under the Convention Against Torture using the required form, which is known as Form I-589. USCIS received the application on July 9, 2024.

19. Applicants for asylum may include their spouses and unmarried children under age 21 as "derivative beneficiaries" of their asylum application. If the principal applicant is approved for asylum, the derivative beneficiaries are eligible to gain derivative asylum status. This allows the family to stay together under the same protection and with a path to permanent residency.

20. Plaintiff's husband, Urvin Fuentes Lopez, is a derivative beneficiary of her asylum application. On the same day Plaintiff applied for asylum, July 9, 2024, Mr. Fuentes Lopez also separately submitted his own I-589 application for asylum, withholding of removal and relief under the Convention Against Torture. Plaintiff is a derivative beneficiary of Mr. Fuentes Lopez's asylum application. USCIS received Mr. Fuentes Lopez's application July 9, 2024.

21. In August 2024, Plaintiff received two Application Support Center appointment notices informing her that she was scheduled to appear for biometrics submission. The notices are both dated August 1, 2024, and both were delivered to Plaintiff on the same day. The first notice indicated an appointment on August 19, 2024, at 3:00pm and bore an application number associated with Mr. Fuentes Lopez's application. The second notice indicated an appointment on August 22, 2024, at 9:00am and bore Plaintiff's application number.

22. Mr. Fuentes Lopez also received two scheduling notices, with appointments on August 20, 2024. at 8:00am and on August 23, 2024, at 9:00am.

23. Plaintiff and Mr. Fuentes Lopez attended the earliest appointment, on August 19, together. They each submitted biometrics.

24. Applicants for asylum have a right to apply for work authorization if their asylum application has not yet been decided and 150 days have elapsed since the time they filed their application. 8 C.F.R. § 274a.12(c)(8). An application for work authorization based on a pending asylum application may be approved when the application has been pending for 180 days. 8 C.F.R. § 208.7(a)(1).

25. Plaintiff and Mr. Fuentes Lopez each submitted an for work authorization, known as Form I-765, in January 2025. At the time, there was no fee associated with an application for work authorization for asylum applicants. Their applications were received on January 13, 2025, at which time their asylum applications had been pending for 188 days.

26. Mr. Fuentes Lopez's application was approved on January 19, 2025. He received an Employment Authorization Document that expires January 16, 2030.

27. Plaintiff does not have any criminal history that disqualifies her from receiving work authorization as an applicant for asylum. She has never been convicted of an aggravated felony or any other crime.

28. In January 2025, USCIS denied Plaintiff's application for work authorization. The reason, according to USCIS, was that 150 days had not yet elapsed on her asylum clock.

29. Plaintiff submitted a second I-765 on April 2, 2025. The second application was denied again for the same reason, that is, because 150 days had supposedly not yet elapsed on her asylum clock.

30. Plaintiff submitted a third I-765 on May 23, 2025.

31. This third I-765 was denied for the same reason, because 150 days had supposedly not yet elapsed on the asylum clock.

32. After the third denial, Plaintiff's counsel realized for the first time that the problem could be related to completion of biometrics.

33. Counsel for Plaintiff called the USCIS Service Center to ask to schedule a new biometrics appointment for her. Staff at the USCIS Service Center specifically advised that scheduling a new appointment would not help and would likely add to the confusion. The staff member recommended applying again with a cover letter explaining that Plaintiff had completed biometrics, attaching copies of the receipt notice and the stamped biometrics scheduling notice.

34. In July 2025, pursuant to H.R. 1 (the "One Big Beautiful Bill Act"), USCIS began to charge a $550 non-waivable fee for initial applications for employment authorization submitted by asylum applicants. Previously, the fee had been $0.

35. Plaintiff submitted a fourth I-765 on September 17, 2025. As advised by USCIS, Plaintiff identified the potential biometrics confusion in a cover letter and attached the receipt notice for her asylum application and proof that she completed biometrics on August 19, 2024, to the application. The cover letter also specifically mentioned that counsel for Plaintiff called USCIS and was instructed that scheduling a new biometrics appointment would not help. As required by H.R. 1, she submitted credit card information to pay the $550 filing fee.

36. The fourth application was denied because of a problem processing the credit card information submitted.

37. Plaintiff submitted a fifth I-765 on November 17, 2025. That application was identical to the fourth application in all respects except that it included corrected payment information.

38.     Effective December 5, 2025, USCIS reduced the duration of work authorization provided to asylum applicants from 5 years to 18 months. This change applies to all work authorization applications filed or pending on or after December 5, 2025.

39.     On December 8, 2025, the fifth application was denied for the same reason the first to third applications were denied, because 150 days had supposedly not yet elapsed on Ms. Escobar Vasquez's asylum clock.

40.     On December 11, 2025, Plaintiff submitted an asylum clock review request to USCIS using the form available at https://egov.uscis.gov/e-request/typo, through a process established as part of a class action settlement in *Garcia Perez v. USCIS*, Case No. 2:22-cv-00806-JHC (W.D. Wash.). USCIS returned a form indicating that Plaintiff should expect a reply by January 12, 2026. Plaintiff has not yet received a reply.

41.     On December 17, 2025, counsel for Plaintiff contacted USCIS to again request that a new biometrics appointment be scheduled.

42.     On December 18, 2025, USCIS called Plaintiff and informed her they would let her know if it was necessary to attend a new biometrics appointment, given that she had already completed biometrics once. Plaintiff has not heard any further information from USCIS about whether a new biometrics appointment is necessary.

43.     On January 7, 2026, Plaintiff submitted a motion, using Form I-290B, asking USCIS to reconsider the December 8 denial.

## FIRST CLAIM FOR RELIEF

### Administrative Procedures Act (5 U.S.C. § 706)

44.     Plaintiff realleges and incorporates the above allegations as if fully set out here.

45.     The United States has waived its sovereign immunity with respect to claims

seeking review of agency action and seeking relief other than money damages. 5 U.S.C. § 702.

46.  An individual who has applied for asylum is authorized to seek work authorization if their application has not yet been decided, 150 days have elapsed since the time they filed their application, and the person is not an aggravated felon. 8 C.F.R. § 274a.12(c)(8); 8 C.F.R. § 208.7(a)(1).

47.  Asylum applicants are eligible to be approved for work authorization after 180 days have elapsed since the time of filing. 8 C.F.R. § 208.7(a)(1). Delays requested or caused by the applicant do not count toward the 150 or 180 days. *Id.* § 208.7(a)(2).

48.  USCIS lacks discretion to deny applications filed under 8 C.F.R. § 274a.12(c)(8) if the applicant meets eligibility criteria. *See* 8 C.F.R. § 274a.13(a)(1) (noting that approval of work authorization applications filed under section 274a.12(c) is discretionary "except for 8 CFR 284a.12(c)(8)").

49.  Plaintiff's asylum clock should never have stopped because she did not request or cause a delay in the adjudication of her application. Alternatively, even if Plaintiff's asylum clock was correctly stopped when she did not attend the second appointment on August 22, 2024, the clock should be deemed to have restarted no later than July 2, 2025, the date Plaintiff's counsel requested a new biometrics appointment from USCIS and was specifically advised that a new appointment would not help.

50.  In stopping Plaintiff's asylum clock and denying her applications for work authorization, Defendants have unlawfully withheld agency action (approval of an application for work authorization) that is required by law.

51.  Defendants' determination to stop Plaintiff's asylum clock was arbitrary, capricious, an abuse of discretion, and contrary to law.

OREGON LAW CENTER
230 NE 2nd Ave. Suite F
Hillsboro, Oregon 97214
Ph: 503-640-4115/Fax: 503-640-9634

52.     Defendants improperly denied Plaintiff's application for work authorization on four separate occasions. Those denials were arbitrary, capricious, an abuse of discretion, and contrary to law.

53.     Pursuant to 5 U.S.C. § 706(1), Plaintiff is entitled to an order directing Defendants to correct her asylum clock so that it has been running continuously since July 9, 2024, and issue Plaintiff an Employment Authorization Document based on her January 2025 application, without requiring her to pay a filing fee and with a five-year duration.

54.     Pursuant to 5 U.S.C. § 706(2), Plaintiff is entitled to an order holding unlawful and setting aside Defendants' decision to stop her asylum clock and denial of her applications for work authorization.

## SECOND CLAIM FOR RELIEF
### (Mandamus Act, 28 U.S.C. § 1361).

55.     Plaintiff realleges and incorporates the above allegations as if fully set out here.

56.     Plaintiff alleges this claim in the alternative in the event that the Court determines that the Administrative Procedures Act does not entitle her to the full scope of relief she seeks under that statute.

57.     Plaintiff has a clear and certain right to have her asylum clock corrected. Defendants' duty to correct the clock is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt.

58.     Plaintiff has a clear and certain right to have her application for employment authorization approved. Defendants' duty to approve her application for work authorization is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt.

59.     Plaintiff has no other adequate remedy. She has applied for employment authorization five times, twice requested that a new biometrics appointment be scheduled, moved

for reconsideration of the denial of her work authorization application, and asked USCIS to review and correct her asylum clock.

60. Plaintiff has been waiting nearly a year for work authorization she is entitled by law to receive.

61. Pursuant to 28 U.S.C. § 1361, Plaintiff seeks an order directing Defendants to correct her asylum clock so that it has been running continuously since July 9, 2024, and issue Plaintiff a work authorization document based on her January 2025 application, without requiring her to pay a filing fee and with a five-year duration.

## PRAYER

WHEREFORE, Plaintiff prays for:

(a) On Plaintiff's first and second claims for relief, an order directing Defendants to correct Plaintiff's asylum clock so that it has been running continuously since July 9, 2024;

(b) On Plaintiff's first and second claims for relief, an order directing Defendants to approve Plaintiff's application for work authorization and issue her an Employment Authorization Document, without payment of any filing fee, with an effective date of January 17, 2025 and an expiration date no earlier than January 16, 2030;

(c) On Plaintiff's second claim for relief, an order setting aside Defendants' unlawful denials of Plaintiffs' four applications for work authorization submitted since January 2025;

(d) An order directing Defendants to pay Plaintiff's reasonable attorney fees and costs, pursuant to 28 U.S.C. § 2412(a)(1) and § 2412 (d)(1)(A); and

(e) Such other and further legal and equitable relief as this Court deems just and proper.

Date:        January 7, 2026              **OREGON LAW CENTER**

/s/ *Kelsey Heilman*
Kelsey Heilman, OSB #140348
kheilman@oregonlawcenter.org
M. Thomas Perkins, OSB #241496
tperkins@oregonlawcenter.org
230 NE Second Ave., Suite F
Hillsboro, OR 97124
Tel: (503) 473-8324

Stephen S. Walters, OSB #801200
swalters@oregonlawcenter.org
621 SW Morrison St., Suite 1450
Portland, OR 97205

*Attorneys for Plaintiff*